# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

CENTRAL STATES, SOUTHEAST AND )
SOUTHWEST AREAS PENSION FUND; )
and CHARLES A. WHOBREY, as Trustee, )
) Case No. 18 C 6707
*Plaintiffs*, )
v. ) Honorable Ronald A. Guzman
) District Judge
NORTHERN INDIANA TRUCKING, LLC, )
an Indiana limited liability company, )
)
*Defendant*. )

## PLAINTIFFS' MOTION FOR ENTRY OF PROPOSED JUDGMENT ORDER

In accordance with this Court's Memorandum Opinion and Order entered on May 29, 2019 (the "Opinion"), Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") and Charles A. Whobrey, trustee, hereby submit their Motion for entry of a proposed Judgment Order. In support of this motion, Plaintiffs state as follows:

1. Plaintiffs filed this action to collect withdrawal liability in the amount of $3,153,234.98 from Defendant, Northern Indiana Trucking, LLC ("NIT"), under the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001, *et seq*. In its Opinion, this Court granted Plaintiffs' Motion for Summary Judgment against NIT, and held that NIT is for the full amount of the withdrawal liability, plus statutory damages. Further, the Court granted Plaintiffs until June 5, 2019, to submit a proposed judgment order supporting their damages request.

TM: 582160 / 18410093 / 6/3/2019                -1-

2. As noted in the Opinion, NIT failed to make the required withdrawal liability payment to the Pension Fund in the amount of $3,153,234.98. (Opinion, p. 2; paragraph 4 of the Affidavit of Daniel Shepard, a copy of which is attached hereto as Exhibit A ("Shepard Affidavit ¶ __, Exhibit A").)

3. Under ERISA, 29 U.S.C. § 1451(b), the failure to make withdrawal liability payments when due is treated in the same manner as a delinquent contribution under 29 U.S.C. § 1145. *Cent. States, Se. & Sw. Areas Pension Fund v. Slotky*, 956 F.2d 1369, 1377 (7th Cir. 1992). Accordingly, pursuant to ERISA, 29 U.S.C. § 1132(g)(2), Plaintiffs are entitled to:

   (a) the delinquent withdrawal liability;
   (b) interest on the delinquent withdrawal liability;
   (c) an amount equal to the greater of the interest or liquidated damages as provided under the Plan in an amount not in excess of 20 percent of the delinquent withdrawal liability;
   (d) reasonable attorney's fees and costs; and
   (e) such other relief the Court deems appropriate.

An award of these amounts is mandatory. *Cent. States, Se. & Sw. Areas Pension Fund v. Gerber Truck Serv. Inc.*, 870 F.2d 1148, 1156 (7th Cir. 1989) (en banc).

4. Pursuant to ERISA, 29 U.S.C. § 1132(g)(2), Defendants owe the Pension Fund withdrawal liability in the principal amount of $3,153,234.98. (Opinion, p. 2; Shepard Affidavit ¶ 4, Exhibit A.)

5. Pursuant to ERISA, 29 U.S.C. § 1132(g)(2), interest is determined using the rate provided under the Pension Fund's Plan.

6. As discussed in the Opinion, under the Pension Fund's Trust Agreement interest on delinquent withdrawal liability is computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by

JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged. (Opinion, p. 2; Shepard Affidavit ¶ 5, Exhibit A.)

7. Through June 13, 2019, Defendants owe the Pension Fund interest on the unpaid withdrawal liability in the total amount of $273,280.36. (Shepard Affidavit ¶ 6, Exhibit A and Exhibit 1 thereto.)

8. Pursuant to 29 U.S.C. § 1132(g)(2), Plaintiffs are entitled to the greater of interest on the delinquent withdrawal liability or liquidated damages of up to twenty percent (20%) of the delinquent withdrawal liability as provided under the Trust Agreement.

9. The Pension Fund's Trust Agreement provides for liquidated damages in an amount equal to the greater of the interest on the delinquent withdrawal liability or up to twenty percent (20%) of the delinquent withdrawal liability. (Opinion, p. 2; Shepard Affidavit ¶ 7, Exhibit A.)

10. Defendant owes the Pension Fund liquidated damages in the total amount of $630,647.00 ($3,153,234.98 x 20%), which is greater than the amount of delinquent interest on the withdrawal liability. (Shepard Affidavit ¶ 8, Exhibit A.)

11. Under the Pension Fund's Trust Agreement, the Pension Fund is entitled to interest on the entire judgment balance interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth day of the month for which the interest is charged, with said interest to be compounded annually. (Opinion, p. 2; Shepard Affidavit ¶ 9, Exhibit A.)

12. In addition to the above amounts, Plaintiffs are also entitled to an award of their reasonable attorney's fees and costs under 29 U.S.C. § 1132(g)(2)(D).

13. Defendant also owes the Pension Fund attorney's fees in the total amount of $9,358.00 and costs in the total amount of $502.70. (Paragraphs 3-9 of Affidavit of Anthony E. Napoli, a copy of which is attached hereto as Exhibit B and Exhibit 2 thereto.)

14. A copy of the proposed Judgment Order is attached hereto as Exhibit C. The proposed Judgment Order has also been submitted to the Court's proposed order e-mail address.

**WHEREFORE**, Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund, and Charles A. Whobrey, trustee, pray for entry of the proposed Judgment Order attached hereto as Exhibit C and for such other relief deemed just and proper.

Respectfully submitted,

*/s/Anthony E. Napoli*
Anthony E. Napoli
Attorney for Plaintiffs
Central States Funds
9377 W. Higgins Road, 10th Floor
Rosemont, Illinois 60018-4938
(847) 939-2469
ARDC # 06210910
tnapoli@centralstates.org

## **CERTIFICATE OF SERVICE**

I, Anthony E. Napoli, one of the attorneys for Plaintiffs, certify that on June 3, 2019, I electronically filed the forgoing Plaintiffs' Motion for Entry of Proposed Judgment Order with the Clerk of the Court using the ECF system. This filing was served on all parties indicated on the electronic filing receipt via the ECF system.

/s/ Anthony E. Napoli
Anthony E. Napoli
One of Central States' Attorneys